UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RODERICK STARKS, <br><br> Plaintiff, <br><br> v. <br><br> SHARON TUCKER, et al., <br><br> Defendants. | CAUSE NO. 1:25-CV-448-JD-JEM |

OPINION AND ORDER

Roderick Starks, a prisoner without counsel, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Starks is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Starks is incarcerated at the Allen County Jail. He sues 10 defendants: an unidentified "Indiana State Representative," former Indiana Department of Correction Commissioner Robert E. Carter, former Indiana Governor Eric Holcomb, South Bend Mayor Sharon Tucker, South Bend Police Chief Scott Caudill, a judge, prosecutors, and

a Fort Wayne police officer. The 16-page complaint is difficult to follow and consists primarily of boilerplate language that is repeated several times. He claims there is a "Code of Silence" that is "enforced by the court, judges, lawyers, and prosecutors," and that high-ranking officials in Allen County are "truly overlooking the corruption created by state agencies [with] overlapping paperwork, illegal plea agreements, falsifying of enhancements, forgery, conspiracy, & utterances[.]" He claims the defendants violated his "right to EQUAL PROTECTION of the law as a citizen during questioning, investigation, interrogation, pre-arrest, arrest, arraignment, initial hearing, omnibus hearing, pre-trial hearing, trial, [and] sentencing." He seeks $750,000 in damages and other relief, including an order directing the defendants to "stop falsely locking me up." (ECF 1 at 16.)

Public records reflect that Starks has prior convictions in Allen County for domestic battery and possessing a firearm after a felony conviction.[1] *State v. Starks*, No. 02D04-1909-F6-0001128 (Allen Sup. Ct. closed Nov. 18, 2019); *State v. Starks*, No. 02D06-1908-F5-000258 (Allen Sup. Ct. closed Nov. 18, 2019). He is also currently facing drug possession charges. *State v. Starks*, No. 02D04-2310-F6-001335 (Allen Sup. Ct. filed Oct. 3, 2023). It appears Starks may be trying challenge his criminal convictions or the validity of the pending charges, but he cannot challenge a state criminal case or obtain release from custody under 42 U.S.C. § 1983. *Preiser v. Rodriguez,* 411 U.S. 475, 488

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

(1973). Such relief, to the extent it is available to him, can only be sought through the federal habeas corpus statutes, 28 U.S.C. § 2254 and 28 U.S.C. § 2241. *Id.*

Starks also cannot pursue a claim for damages in this civil suit based on a theory that his outstanding convictions are "false" or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside"). Furthermore, the prosecutors are entitled to immunity and cannot be sued for damages for their actions taken on behalf of the state in his criminal cases. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Likewise, the judge presiding over his criminal case is entitled to immunity and cannot be sued for his adverse rulings. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

He also sues Fort Wayne Police Officer Shane Heath, and a claim against a police officer pertaining to wrongdoing that occurred during an arrest would not necessarily be barred by *Heck*. *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). However, even giving the complaint liberal construction, the court cannot infer a plausible claim of police misconduct within it. Starks' broad accusation that police violated his rights during "arrest" and "pre-arrest" in some unspecified way is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants"

collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards).

Although Starks does not clearly describe Officer Heath's involvement, public records reflect that Officer Heath signed the probable cause affidavit in Starks' pending drug case. The affidavit reflects that Officer Heath responded to an emergency call from a woman who reported that her husband and another man, later identified as Starks, had overdosed in her living room. *Starks,* No. 02D04-2310-F6-001335 (docket entry Oct. 3, 2023). Starks was treated with Narcan and transported to a hospital. Officer Heath observed a white powdery substance that tested positive for fentanyl on a metal plate, lying next to Starks' Hoosier Works card. *Id.* Starks was later charged with possession of a narcotic drug, and a jury trial is currently scheduled for December 2, 2025.[2] *Id.* (docket entry Aug. 6, 2025). Starks appears to claim that Officer Heath put false information in the warrant, but he does not explain what within it was false. The court cannot infer a plausible Fourth Amendment claim against Officer Heath based on what Starks has alleged.

Starks appears to be suing the high-ranking officials because of their positions. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983 and these officials cannot be held liable simply because they supervise (or supervised) employees of the state or county. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). His

---

[2] The public docket reflects that Starks was charged in October 2023 and a warrant was issued for his arrest, but his whereabouts remained unknown until July 2025. *See Starks,* No. 02D04-2310-F6-001335 (docket entries Oct. 3, 2023, and July 21, 2025).

vague assertions do not plausibly allege the existence of a conspiracy among state officials, municipal employees, prosecutors, and others. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("bare" assertion of a conspiracy is not enough to survive dismissal at the pleading stage).

He may be trying to sue one or more of these officials under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A *Monell* claim against the state officials is unavailing, because *Monell* applies to municipal actors. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989). Additionally, municipal officials may be held liable under *Monell* only if the unconstitutional acts of their employees "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official municipal policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Starks does not satisfy these standards. First, *Monell* requires an underlying constitutional violation by a municipal employee, and at present Starks has not plausibly alleged one. *See Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014). Second, it cannot be discerned from his complaint what the unlawful policy was that

5

allegedly caused him injury. His vague allegations about a "Code of Silence" do not suffice. *Swanson*, 614 F.3d at 403. Additionally, because he does not clearly describe the policy at issue, the Court cannot discern whether a *Monell* claim is barred by *Heck* due to his outstanding convictions.

Therefore, the complaint does not state a claim for relief. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Starks will be given an opportunity to file an amended complaint if he believes he can state a plausible constitutional claim after reading this order. If he decides to replead, he does not need to include legal boilerplate and should briefly explain in plain language what happened and how each defendant allegedly violated his rights.

For these reasons, the court:

(1) GRANTS the plaintiff until **November 7, 2025**, to file an amended complaint; and

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED on October 7, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT